948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED UNION OF ROOFERS, WATER-PROOFERS & ALLIED TREADES
LOCAL NO. 40, Plaintiff-Appellant,
v.
UNITED PACIFIC INSURANCE COMPANY, Defendant-Appellee.
 No. 89-15431.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 18, 1990.
Withdrawn from Submission May 23, 1990.
Resubmitted Oct. 31, 1991.
Decided Oct. 31, 1991.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CV-88-2310-JPV, John P. Vukasin, Jr., District Judge, Presiding.
 
 
 2
 N.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: FLETCHER and BEEZER, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 The plaintiff/appellant United Union of Roofers, Waterproofers, and Allied Trades, Local No. 40 ("the Union") appeals the district court's order dismissing its action for lack of standing. We affirm.
 
 
 7
 [Editor's Note: Slip page 2 missing.]
 
 II. DISCUSSION
 A. Union's Associational Standing
 
 8
 For the reasons stated in the related case of United Union of Roofers v. Insurance Corporation of America, 919 F.2d 1398 (9th Cir.1990), we affirm the district court's order dismissing the Union for lack of standing as regards the Union members' lost wages.
 
 B. Union's Direct Standing
 
 9
 The Union also alleges direct harm to itself as an organization, because A-Plus's failure to pay prevailing wage rates caused the Union to "suffer[ ] loss of initiation fees, regular dues and working dues by virtue of its possession of valid dues check-off authorizations." First Amended Complaint p VII. While this is an injury that might allow the Union to state a claim against A-Plus, it is not a claim they may properly raise against the surety of the payment bond. The bond was issued pursuant to California Civil Code § 3248, which requires that payment bonds for public works projects must "inure to the benefit of any of the persons named in Section 3181." The bond itself states that it is activated by the failure to pay "any of the persons named in Civil Code Section 3181." Section 3181 refers to the persons identified in Section 3110 (laborers), Section 3111 (trust funds created by labor agreements), Section 3112 (claimants making site improvements) and Public Contract Code § 4107.7 (hazardous waste contracors). Because the Union does not fit any of these descriptions, it has no standing to sue the surety for its losses.
 
 
 10
 The Union may be able to state a claim against A-Plus for the lost dues. For it to proceed in diversity as it did here, however, would require both a showing that A-Plus is an out-of-state defendant, and that the amount of the lost dues satisfies the jurisdictional amount specified in 28 U.S.C. § 1332.
 
 C. Other Grounds for Dismissal
 
 11
 The district court's order did not reach other the grounds raised by UPI in its motion to dismiss. Because we agree that the Union must be dismissed for lack of standing, we do not address them either.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3